IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YASHAEL A. ALMONTE MEJIA,
*next friend* YUDELKA MEJIA LANFRANCO,

Petitioner,

v. 1:26-cv-0084-DHU-JMR

DORA CASTRO, *Warden of the Otero County Processing Center*, MARY DE ANDA-YBARRA, *Field Officer Director of Enforcement and Removal Operations, El PasoField Office, Immigration and Customs Enforcement*; TODD LYONS, *Acting Director Immigration and Customs Enforcement*; MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*; and TODD BLANCHE, *U.S. Attorney General*,

Respondents.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Petitioner Yashael Alexander Almonte Mejia's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed on January 14, 2026. Doc. 1. The petition was filed through his *pro se* next friend Yudelka Mejia Lanfranco.[1] *Id.* On February 12, 2026, the federal Respondents filed a combined Motion to Dismiss and Response to the Petition for Writ of Habeas Corpus. Doc. 13. Warden Dora Castro joined the federal Respondents' position. Doc. 9. On March 23, 2026, Mr. Almonte Mejia filed a reply. Doc. 23. Mr. Almonte Mejia also submitted a series of additional filings, which I have also reviewed. Docs. 2–4, 15, 19–23, 26, 27, 29, 30, 33. United States District Judge David H. Urias referred this case to me pursuant 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to recommend an ultimate

[1] Ms. Mejia Lanfranco is Mr. Almonte Mejia's maternal aunt, though Ms. Mejia Lanfranco's full name does not appear on all of the filings in this case filed on Mr. Almonte Mejia's behalf. *Compare* Doc. 1 at 1, *with* Doc. 15 at 4.

disposition. Doc. 32. As discussed below, I recommend the Court GRANT IN PART and DENY IN PART Mr. Mejia's habeas petition. I recommend the Court order Respondents to provide Mr. Almonte Mejia a bond hearing within seven days of adoption of these Proposed Findings and Recommend Disposition.

## I. Background

Mr. Almonte Mejia is a citizen of the Dominican Republic. Doc. 13-1 at 1. On June 2, 2024, the United States Border Patrol encountered Mr. Almonte Mejia near the San Diego, California border. *Id.* at 2. Border Patrol determined that he had entered the United States illegally and without inspection. *Id.* The government initiated proceedings to remove Mr. Almonte Mejia from the United States. *Id.* Mr. Almonte Mejia was immediately released on his own recognizance while the removal proceedings continued. Doc. 1 at 70.

On May 30, 2025, Mr. Almonte Mejia appeared for a removal hearing before an Immigration Judge. Doc. 13-1 at 2–3. At the hearing, the government moved to dismiss the removal proceedings "because the agency intended to pursue expedited removal proceedings against the respondent under section 235(b)(1)(A) of the INA, 8 U.S.C. § 1225(b)(1)(A)." Doc. 13-3 at 3. Mr. Almonte Mejia opposed dismissal because "he wanted . . . the opportunity to continue pursuing his asylum application." *Id.* Over Mr. Almonte Mejia's objection, the Immigration Judge granted the request to dismiss the removal proceedings. Doc. 13-2.

Immediately following the hearing, the government arrested Mr. Almonte Mejia and initiated expedited removal proceedings. Doc. 13-1 at 2–3. Mr. Almonte Mejia is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 1.

While in expedited removal proceedings, Mr. Almonte Mejia was granted a "credible fear interview," which is the process by which the government screens those in expedited removal

proceedings for potentially meritorious asylum claims. Doc. 13 at 12 (citing 8 U.S.C. § 1225(B)(1)(A)(ii)). The government found that Mr. Almonte Mejia had a credible fear of returning to the Dominican Republic. *Id.* This entitled him to a full adjudication of his asylum claim. *Id.* Therefore, Mr. Almonte Mejia was taken out of expedited removal proceedings and put back into non-expedited removal proceedings. *Id.*

During the pendency of his habeas petition, Mr. Almonte Mejia's request for asylum and withholding of removal was adjudicated. Doc. 30 at 3–6 (Order of the Immigration Judge). Specifically, on May 12, 2026, an immigration judge denied Mr. Almonte Mejia's asylum claim and order him removed to the Dominican Republic. Doc. 29 at 2; *see also* Doc. 30 at 3–6 (Order of the Immigration Judge). Mr. Almonte Mejia appealed that decision to the Board of Immigration Appeals ("BIA"). Doc. 29 at 2. The appeal remains pending. *See* Search "226-082-089," *Automated Case Information*, EXECUTIVE OFFICE OF IMMIGRATION REVIEW, https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 24, 2026).

## II. Next Friend Standing

This habeas petition was filed by Yudelka Mejia Lanfranco on Mr. Almonte Mejia's behalf. *See* Doc. 1 Ms. Mejia Lanfranco is seeking to proceed as Mr. Almonte Mejia's next friend. *Id.* at 12. The Respondents do not challenge her standing to bring this habeas action on Mr. Almonte Mejia's behalf. *See generally* Doc. 13. I recommend the Court allow Ms. Mejia Lanfranco to prosecute this action as Mr. Almonte Mejia's next friend.

In a habeas action, a third-party may appear in court as a "next friend" of a detained prisoner who is "unable, usually because of mental incompetence or inaccessibility, to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990). To proceed as a "next friend," the proposed next friend must meet the following requirements.

> First, a "next friend" must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action . . . Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate, . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest.

*Id.* at 163–64 (citations omitted). A third-party cannot proceed as a next friend if the real party in interest "has given a knowing, intelligent, and voluntary waiver of his right to proceed, and his access to court is otherwise unimpeded." *Id.* at 165.

Here, Ms. Mejia Lanfranco should be allowed to proceed as Mr. Almonte Mejia's "next friend." Under the first *Whitmore* requirement, Ms. Mejia Lanfranco has provided an "adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 163. She alleges that Mr. Almonte Mejia "is unable to litigate effectively on his own behalf" because of his prolonged detention, the restricted communications in detention, transfers to different immigration facilities, a lack of legal representation, and the "[i]mminent government action affecting his liberty." Doc. 1 at 12; *see also* Doc. 2 at 1 (Ms. Mejia Lanfranco's declaration further explaining the barriers for Mr. Almonte Mejia in prosecuting his own case). Applying the second *Whitmore* requirement, Ms. Mejia Lanfranco has shown that she is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 495 U.S at 164. She affirmatively states that she is she is "dedicated solely to his best interests." Doc. 1 at 12. Her dedication is further evidenced by her dogged prosecution of this habeas action. *See* Docs. 1–4, 15, 19–23, 26, 27, 29, 30, 33. Finally, looking to the third *Whitmore* requirement, Ms. Mejia Lanfranco has shown that she has a "significant relationship with the real party in interest." *Whitmore*, 495 U.S at 164. She "is the maternal aunt of Mr. Almonte Mejia." Doc. 1 at 12. She explains that she has "a significant familial relationship" with Mr. Almonte Mejia, *id.*, and that she "helped raise him after the passing of his mother," Doc. 19

at 1. I recommend the Court find that Mrs. Mejia Lanfranco has satisfied all three requirements set forth in *Whitmore,* including the arguable third requirement that she have some significant relationship with Mr. Almonte Mejia.

Therefore, I recommend the Court allow Ms. Mejia Lanfranco to proceed as Mr. Almonte Mejia's next friend.

## III. Petitioner's Claims

Mr. Almonte Mejia's[2] core argument is that he is being "unlawfully detained without a judge assigned to review his bond, which violates his rights to due process." Doc. 1 at 3. As a remedy, he argues that "immediate habeas relief is necessary to protect his rights." Doc. 1 at 4. More specifically, Mr. Almonte Mejia argues that:

1) his due process rights are being violated by his detention, Doc. 1 at 14–15 ("Count I");
2) his prolonged detention "without meaningful review is presumptively unconstitutional," *Id.* ("Count II");
3) the government may not "retroactively reclassify him as subject to expedited removal," *Id.* ("Count III");
4) the government "failed to conduct a credible fear interview despite his intent to seek asylum," *Id.* ("Count IV");
5) he was denied access to counsel secured by "INA § 292," *Id.* at 15–16 ("Count V");

[2] Each of Petitioner's filings in this case were filed by Ms. Mejia Lanfranco. Because I recommend that Ms. Mejia Lanfranco be allowed to proceed on behalf of Mr. Almonte Mejia and for ease of reference, I refer to each filing as if it was personally filed or argued by Mr. Almonte Mejia.

6) the government engages in a "systemic practice of" violating detainee's due process rights, *Id.* at 16 ("Count VI").

Outside of the original habeas petition, Mr. Almonte Mejia has filed hundreds of pages of argument in this case. *See* Docs. 2–4, 15, 19–23, 26, 27, 29, 30, 33. I have reviewed each page and summarized the filings below.

Mr. Almonte Mejia filed a document titled, "Emergency Motion for Release or Conditional Parole." Doc. 3. Therein, Mr. Almonte Mejia requests "[e]mergency release" based on the same rational explained in the original petition. *Id.* at 1–3.

Mr. Almonte Mejia filed a document titled, "Emergency Motion to Stay Credible Fear Interview and Expedited Removal Actions." Doc. 4. Therein, he requests that the Court stay his credible fear interview and his expedited removal proceedings while his habeas petition is pending. *Id.* at 1–3.

Mr. Almonte Mejia filed a document titled, "Emergency Motion for Temporary Restraining Order, Preliminary Injunction, Preservation of Habeas Jurisdiction, Prohibition of Transfer and Third-Country Removal, Motion to Compel DHS Response, and Motion for Release on Parole." Doc. 15. Therein, Mr. Almonte Mejia requests a preliminary injunction releasing him from custody for the same reasons that he requests habeas relief in his petition. *Id.* at 2. He also requests that the Court prohibit the government from transferring him out of the district. *Id.* at 3. Finally, he requests that the Court prohibit his removal to a third country. *Id.* at 5.

Mr. Almonte Mejia filed a document titled, "Petitioner's Emergency Motion for Immediate Release and Remand for Full Asylum Adjudication." Doc. 20. Therein, he "requests immediate release and remand for proper adjudication of his asylum claim." *Id.* at 1.

Mr. Almonte Mejia filed a document titled, “Motion for Immediate Release or Parole Pending Habeas Review,” Doc. 22, and an accompanying memorandum of law, Doc. 21. Therein, he moves this Court “for an order granting his immediate release from immigration detention, or in the alternative release on humanitarian parole, while his habeas corpus petition remains pending before this Court.” Doc. 22 at 1.

Mr. Almonte Mejia filed a document titled, “Petitioner’s Supplemental Brief in Support of Habeas Petition and Request for Immediate Release.” Doc. 23. Therein, he argues that he should be released because he does not pose “a danger to the community or a risk of flight.” *Id.* at 1.

Mr. Almonte Mejia filed a document titled, “Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus and Request for Immediate Release.” Doc. 26. Therein, he argues that because the government once released Mr. Almonte Mejia into the United States, it cannot then decide to detain him while he “has complied with all legal obligations and pursued lawful immigration relief.” *Id.* at 1. He also argues that his “prolonged and unsupported” detention without “individualized justification” violate his Fifth Amendment Due Process rights. *Id.* at 3. Finally, he argues that, after eleven months of detention, “a bond hearing does not cure the constitutional violation.” *Id.* at 4.

Mr. Almonte Mejia filed a second document titled, “Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus and Request for Immediate Release.” Doc. 27. Therein, he repeats the arguments from the prior “Supplemental Memorandum in Support of Petition for Writ of Habeas Corpus and Request for Immediate Release.” Doc. 26.

Mr. Almonte Mejia filed a document titled, “Petitioner’s Notice of Material Change in Immigration Proceedings, Supplemental Status Update, and Renewed Request for Appropriate

Relief," Doc. 29, and related "Notice of Inadvertent Exhibit Error and Respectful Request to Disregard Erroneously Attached Order," Doc. 30. In the notice, Mr. Almonte Mejia explains that an Immigration Judge denied his asylum application and ordered him removed to the Dominican Republic. Doc. 29 at 2. Mr. Almonte Mejia appealed the removal order to the BIA. *Id.* He argues that continued detention is no longer necessary because, in part, "[r]ather than avoiding [immigration] proceedings, Petitioner timely exercised his lawful right to appeal." *Id.* at 3. He also states that his detention negatively impacted his ability to support asylum claim. *Id.* at 3–5.

Finally, Mr. Almonte Mejia filed a document titled, "Petitioner's Consolidated Memorandum of Law in Support of the Pending Petition for Writ of Habeas Corpus and Request for Final Adjudication." Doc. 33. He intended the document to be a "consolidated presentation of the procedural history, the present posture of the immigration proceedings, the governing statutory and constitutional principles," and the underlying circumstances of the case. *Id.* at 1. He also argues that his continued detention is not "reasonably related to a legitimate regulatory purpose." *Id.* at 2.

## IV. Analysis

I recommend that the Court find that Mr. Almonte Mejia is entitled to an individualized bond hearing. I further recommend that the Court deny Mr. Mejia's other requests for relief.

### A. Mr. Almonte Mejia is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Because Mr. Almonte Mejia's removal order is not final, I recommend that the Court find that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

The federal Respondents argue that Mr. Almonte Mejia is detained pursuant to 8 U.S.C. § 1225(b)(2).[3] Doc. 13 at 12–15. They are mistaken. *See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *6 (10th Cir. June 30, 2026).

Section 1225(b)(2) authorizes the detention, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A). "This provision 'mandates detention' and affords no bond hearing." *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-CV-01031-KG-JFR, 2025 WL 3187432, at *1 (D.N.M. Nov. 14, 2025) (citation omitted).

The Tenth Circuit recently clarified that § 1225(b)(2)(A) is limited to those "seeking admission" at the United States border. *See Santillan Quiroz*, 2026 WL 1876709, at *6.

Section 1226 authorizes the detention of an alien[4] "pending a decision on whether the alien is to be removed from the United States." § 1226(a). Section 1226(a) is the "'the default rule' for detaining noncitizens 'already present in the United States.'" *Gonzalez Ramos v. Dedos*, No. 1:25-CV-00975-MLG-KRS, 2025 WL 3653928, at *3 (D.N.M. Dec. 17, 2025) (citing *Jennings v. Rodriguez*, 538 U.S. 281, 303 (2018)). Section 1226, via its implementing regulations, requires that aliens receive an individualized bond hearing at the outset of detention. *Jennings*, 538 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

---

[3] At the time the federal Respondent's briefing was filed, they also argued that Mr. Mejia was being detained pursuant to 8 U.S.C. § 1225(b)(1)(B)(iii)(IV), which requires noncitizens to be "detained pending a final determination of credible fear of persecution." Doc. 13 at 12. Since then, Mr. Mejia's was found to have a credible fear of persecution, but his asylum claim has since been denied, Doc. 30 at 3 –6. Because he is no longer in credible fear proceedings, § 1225(b)(1)(B)(iii)(IV) does not apply to Mr. Mejia. *See Nguyen v. Lyons*, No. 2:26-CV-00911-KG-DLM, 2026 WL 1006483, at *2 (D.N.M. Apr. 14, 2026) (holding the same).

[4] The Court recognizes that some consider the term "alien" to be pejorative. However, the term "alien" is used in the relevant statutory framework. The Court uses this word to avoid legal imprecision or ambiguity that may be caused by using an alternative word.

Mr. Almonte Mejia was already present in the United States at the time he was detained. Doc. 13-1 at 2. Therefore, the Tenth Circuit has determined that he cannot be detained pursuant to § 1225(b)(2)(A). *See Santillan Quiroz*, 2026 WL 1876709, at *6. Instead, the default rule for immigration detention, § 1226, governs his detention. *See Gonzalez Ramos*, 2025 WL 3653928, at *3. Mr. Almonte Mejia is still being detained "pending a decision on whether [he] is to be removed from the United States." *See* § 1226(a). Mr. Almonte Mejia has been ordered removed from the United States. Doc. 30 at 3–6. However, he has filed an appeal to the BIA. Doc. 29 at 2. Therefore, his order of removal is not "final." 8 U.S.C. § 1101(a)(47)(B).[5] As such, he is being detained pursuant to § 1226(a).

Because Mr. Almonte Mejia's detention is governed by § 1226(a), he is entitled to a bond hearing. *See Jennings*, 538 U.S. at 306. I therefore recommend the Court order Respondents to provide Mr. Almonte Mejia with an individualized bond hearing within seven days of adoption of these Proposed Findings and Recommended Disposition. If a bond hearing is not held within seven days, I recommend the Court order Mr. Almonte Mejia's immediate release.

**B. Mr. Almonte Mejia is not entitled to any other requested relief.**

Mr. Almonte Mejia's petition contains several other requests for relief. *See supra* § III. I recommend the Court find that he is not entitled to any relief outside of a bond hearing.

First, and most consistently, Mr. Almonte Mejia argues that he should be immediately released from detention. However, none of the arguments he raises justify release. Mr. Almonte Mejia has been lawfully detained pursuant to § 1226. Because he is detained pursuant to § 1226, however, due process entitles him to a bond hearing. When a petitioner has been denied a bond

[5] If Mr. Almonte Mejia's removal order were final, his continued detention would be governed by § 1231(a)(2)(A).

hearing, "a bond hearing, rather than immediate release, is the appropriate remedy." *Sanju v. Castro*, No. 2:26-CV-00497-KWR-JMR, 2026 WL 1146639, at *5 (D.N.M. Apr. 28, 2026) (noting that § 1226(a) does not expressly provide a statutory right to immediate release). At the bond hearing, the immigration judge will decide whether Mr. Almonte Mejia should be released on bond. The bond hearing provides Mr. Almonte Mejia the due process he is entitled to under the Fifth Amendment.

Second, Mr. Almonte Mejia argues that he should not have been "retroactively reclassif[ied]" as subject to expedited removal. *See, e.g.*, Doc. 1 at 15. The Court lacks authority to review that decision. Mr. Almonte Mejia is referring to when an immigration judge dismissed his non-expedited removal proceeding on May 30, 2025, so that the government could immediately institute expedited removal proceedings against him. "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings . . . against any alien under this chapter." 8 U.S.C. § 1252. Given this clear statutory direction, this Court has no authority to review the decision to commence expedited removal proceedings against Mr. Almonte Mejia.

Third, Mr. Almonte Mejia argues that he was denied access to counsel under Immigration and Nationality Act § 292. Doc. 1 at 15–16. Section 292 provides: "In any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose." 8 U.S.C. § 1362. Mr. Almonte Mejia does not provide any facts to support this claim. While his incarceration certainly provides a barrier to contacting

prospective counsel, Mr. Almonte Mejia provides no evidence that he was somehow prohibited from hiring counsel.

Fourth, Mr. Almonte Mejia requests that the Court prohibit the government from transferring him out of the district while his habeas petition is pending. Doc. 15 at 3. While some judges in this district "routinely" enter "orders prohibiting petitioners' transfer out of the district during the pendency of their habeas litigation," the assigned presiding judge generally does not. *See Hajimohammadidibazar v. Ortiz*, No. 1:26-CV-00001-KWR-LF, 2026 WL 686802, at *6 (D.N.M. Mar. 11, 2026) (collecting cases). I decline to recommend that the presiding judge order relief he generally would not order in similar cases. Furthermore, this Court will likely not be deprived of jurisdiction if Mr. Almonte Mejia is transferred out of this district. *See Jackson v. Jones*, No. 24-CV-03469-RTG, 2025 WL 4356963, at *2 (D. Colo. Feb. 21, 2025) (explaining, in the context of a criminal § 2241 petition, that transfer out of the district does not deprive the district court of jurisdiction); *see also Liu v. Bondi*, No. CV 26-143 JB/GJF, 2026 WL 878280, at *15 n.13 (D.N.M. Mar. 31, 2026), *report and recommendation adopted*, No. CIV 26-0143 JB/GJF, 2026 WL 2115202 (D.N.M. July 22, 2026) (explaining, in the § 2241 immigration context, why "[t]he Court is not convinced that it would necessarily lose jurisdiction were Petitioner to be transferred out of New Mexico."). Finally, this request will become moot if the Court adopts these Proposed Findings and Recommended Disposition.

Fifth, he requests "humanitarian parole," while his habeas petition remains pending. Doc. 22 at 1. Mr. Almonte Mejia does not cite, and this Court is not aware of, any requirement that it must, or even has the authority to, grant a Petitioner humanitarian parole. *See* 8 U.S.C. § 1182(d)(5) (statutory provision allowing the "Secretary of Homeland Security" to grant humanitarian parole).

Sixth, he argues that he should be released because he is not "a danger to the community or a risk of flight." Doc. 23 at 1; Doc. 29 at 3. During Mr. Almonte Mejia's bond hearing, the immigration judge will determine whether he is a flight risk or a danger to the community. *Jennings*, 538 U.S. at 303; *see also* § 1226(c)(4). It is not appropriate for this Court to make that determination. *See Carvajal-Serna v. Baltasar*, No. 26-CV-00820-NYW, 2026 WL 799271, at *4 (D. Colo. Mar. 23, 2026) ("[A]n immigration judge is better suited than this Court to conduct the hearing and consider whether Mr. Carvajal-Serna poses a flight risk or danger to the community.").

Seventh, he requested that his asylum claim be adjudicated. Doc. 20 at 1. Then, after the application was adjudicated, he complained that his detention negatively impacted his ability to support his asylum claim. Doc. 29 at 3–5. This "Court lacks jurisdiction to review the [Immigration Judge's] decision on Petitioner's asylum claim." *Chowdhury v. Castro*, No. 2:26-CV-01090-MIS-LF, 2026 WL 1147595, at *2 (D.N.M. Apr. 28, 2026). As such, the Court cannot provide any relief based on Mr. Almonte Mejia's complaints regarding the adjudication of his asylum claim.

Eighth, he argued that the government "failed to conduct a credible fear interview despite his intent to seek asylum." Doc. 1 at 15. Then, after he was scheduled for a credible fear interview, he requested that the Court stay his credible fear interview and his expedited removal proceedings while his habeas petition is pending. Doc. 4 at 1–3. The government has since provided him a credible fear interview, where a finding was made in Mr. Almonte Mejia's favor. As such, Mr. Almonte Mejia was taken out of expedited removal proceedings. Therefore, the arguments pertaining to his credible fear interview are now moot.

Ninth, he requests that the Court prohibit his removal to a third country. Doc. 15 at 5. However, Mr. Almonte Mejia has been ordered removed to his home country, not a third country. Therefore, this argument is purely hypothetical. Mr. Almonte Mejia lacks standing to bring a claim based on a "conjectural" or "hypothetical" injury. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).

Tenth, he complains about his re-detention despite complying with "all legal obligations" and pursuing "lawful immigration relief." Doc. 26 at 1. However, Mr. Almonte Mejia was not detained for failing to follow the conditions of his initial parole. Instead, he was detained because the government decided to pursue expedited removal proceedings against him. Detention for those in expedited removal proceedings is mandatory. *See* 8 U.S.C. § 1225(b)(1)(B)(iii)(IV) ("Any alien subject to the procedures under this clause shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."). He was eventually taken out of expedited removal proceedings, and the government decided to continue his detention. He was never detained for failing to comply with his initial conditions of parole.

Eleventh, Mr. Almonte Mejia asks whether his "continued civil immigration detention has remained lawful and constitutionally permissible as the period of detention has extended beyond one year." Doc. 33 at 3. Under § 1226(a), "the duration of the detention is not strictly limited in any sense of the word." *Diaz-Ceja v. McAleenan*, No. 19-CV-00824-NYW, 2019 WL 2774211, at *10 (D. Colo. July 2, 2019). The Supreme Court "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Detention under § 1226(a) is not "indefinite" or "potentially

permanent," like detention under 8 U.S.C. § 1231.[6] As such, Mr. Almonte Mejia's continued detention does not violate his constitutional rights.

Despite his multiple requests, I recommend the Court find that Mr. Almonte Mejia is not entitled to any other form of relief.

## V. Recommendation

I recommend that the Court GRANT IN PART and DENY IN PART Petitioner Yashael Alexander Almonte Mejia's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). Specifically, I recommend that the Court:

1. Allow Mr. Mejia Lanfranco to proceed as Mr. Almonte Mejia's next friend;
2. Find that Mr. Almonte Mejia is currently being detained under § 1226;
3. Order that Mr. Almonte Mejia be afforded a bond hearing within seven days of adoption of these Proposed Findings and Recommended Disposition; and
4. If Defendants fail to hold a bond hearing with those seven days, order that Petitioner be immediately released from custody.

I recommend that the Court deny all of relief that Mr. Almonte Mejia requested.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific. *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have**

---

[6] Once a final order of removal is entered, Mr. Almonte Mejia's detention will be governed by 8 U.S.C. § 1231. Under § 1231 and *Zadvydas*, an alien may not be detained after a final order of removal without a "significant likelihood of removal in the reasonably foreseeable future." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). After his removal order is final, Mr. Almonte Mejia may re-file another habeas petition based on a *Zadvydas* claim if it appears that there is not a significant likelihood of removal in the reasonably foreseeable future. *But see Zadvydas*, 533 U.S. at 701 (holding that detention for 6-months after a final order of removal is presumptively reasonable).

**appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

JENNIFER M. ROZZONI
United States Magistrate Judge