**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

YASHAEL A. ALMONTE MEJIA,
*Next Friend* YUDELKA MEJIA LANFRANCO,

Petitioner,

v. No. 2:26-cv-00084-DHU-JMR

DORA CASTRO, Warden of the Otero County Processing Center; MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, U.S. Attorney General,

Respondents.

**ORDER REJECTING IN PART AND ADOPTING IN PART THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Petitioner Yashel A. Almonte Mejia's *pro se* Petition for a Writ of Habeas Corpus ("Petition"), filed on January 14, 2026, through his *pro se* next friend Yudelka Mejia Lanfranco ("Ms. Lanfranco"). Doc. 1. In the Petition, Petitioner argues that 1) his detention violates the Due Process Clause, 2) his prolonged detention "without meaningful review" is presumptively unconstitutional, 3) Respondents may not "retroactively reclassify him as subject to removal," 4) Respondents have "failed to conduct a credible interview [in his case] despite his intent to seek asylum," 5) he has been denied access to counsel, and 6) Respondents have engaged in a "systematic practice of" violating asylum seekers' due process rights. *Id.* at 14-16. Petitioner requests immediate release, or, alternatively a constitutionally adequate custody review. *Id.* at 16. Petitioner also requests that the Court stay

any credible fear interview or removal action until counsel is secured. *Id.*

In addition to the Petition, Petitioner has also filed a series of Motions and other filings requesting the same, similar, and additional relief. *See* Docs. 3-4, 15, 20, 22-23, 26-27, 29, 33.

On August 7, 2026, this Court, after being assigned this case, referred the matter to the Honorable Jennifer M. Rozzoni, United States Magistrate Judge for the United States District Court for the District of New Mexico, to "conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." *See* Doc. 32. The Magistrate Judge recommended that the Court allow Petitioner to proceed through Ms. Lanfranco. Doc. 34 at 3-5. The Magistrate Judge further recommended that the Court grant Petitioner's Petition on his claim challenging his prolonged detention without meaningful review, finding that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and that he is, therefore, entitled to a bond hearing. *Id.* at 8- 10. The Magistrate Judge further recommended that the Court order Respondents to provide Petitioner with an individualized hearing within seven (7) days as the relief. *Id.* at 10. The Magistrate Judge further recommended that the Court deny Petitioner's other claims and any additional requests for relief outside of a bond hearing. *Id.* at 10-15.

The Magistrate Judge notified the parties of their ability to file objections within fourteen (14) days, and that the failure to file objections waived appellate review. *Id.* at 15-16. Petitioner filed objections. Doc. 35. Respondents did not.

In his objections, Petitioner requests *de novo* review of the Magistrate Judge's recommendations that the relief for his prolonged detention without meaningful review is a bond hearing, and that his other claims and additional requests for relief should be denied. *Id.* at 2.

Based on the Court's *de novo* determination of the issues that Petitioner raises in his

objections and after reviewing *de novo* the relevant law, the Court **REJECTS** the portion of the Magistrate Judge's PFRD recommending that the relief for Petitioner's prolonged detention without meaningful review be a bond hearing. The Court otherwise **ADOPTS** the Magistrate Judge's PFRD.

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693.

Federal regulations, as confirmed by the Supreme Court of the United States, require that noncitizens subject to § 1226(a) "receive bond hearings at *the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018) (emphasis added). Petitioner here was detained on May 30, 2025. Doc. 1 at 11; Doc. 13 at 2. This means that Petitioner should have been provided with a bond hearing over **sixteen (16) months** ago.

Further, while the Tenth Circuit in *Santillan Quiroz* ordered that the petitioner in that case be provided with a bond hearing, it did not hold that a bond hearing was the only available remedy. *See* 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026). This Court, therefore, finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, **IT IS HEREBY ORDERED AS FOLLOWS:**

1) Petitioner's objections (Doc. 35) are **SUSTAINED IN PART** and **OVERRULED IN PART**;
2) The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 34) is **REJECTED IN PART** and **ADOPTED IN PART**;
3) Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART**;
4) Respondents shall release Petitioner within **twenty-four (24) hours** of this Order under reasonable conditions of release, and submit a status report to the Court no later than **three (3) days** from this Order confirming said release; and
5) Petitioner's pending Motions and other filings requesting relief (Docs. 3-4, 15, 20, 22-23, 26-27, 29, 33) are **DENIED**.

The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE